**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DENNIS IMWALLE,

      Plaintiff,

      v.                              Case No. C–1-04-275

RELIANCE MEDICAL PRODUCTS,
INC., et al.,

      Defendant.

## <u>ORDER</u>

This matter is before the Court upon Defendant Haag-Streit Holding A.G.'s motion for summary judgment (doc. 28), Plaintiff Dennis Imwalle's opposing memorandum (doc. 32), and Defendant's reply (doc. 42). The parties have filed proposed findings of fact and conclusions of law, which the opposing side has highlighted as true, false, or irrelevant (docs. 35, 36).

### I. Parties

On April 20, 2004, Plaintiff, an Ohio citizen, filed suit in federal district court alleging both federal and state law claims against Defendants Reliance Medical Products, Inc. ("Reliance"), Haag-Streit Holding A.G. ("Haag-Streit AG"), Haag-Streit Holding US, Inc. ("Haag-Streit US"), and Haag-Streit USA, Inc. ("Haag-Streit USA") (doc. 1).

Defendant Haag-Streit AG is a privately-held Swiss company with its principal place of business in Bern, Switzerland. Defendant Haag-Streit US is a Delaware corporation with its principal place of business in Mason, Ohio, and is a wholly-owned subsidiary of Haag-Streit AG.

1

Defendants Reliance and Haag-Streit USA are also Delaware corporations with their principal places of business in Mason, Ohio. Both are wholly-owned subsidiaries of Haag-Streit Holding US.

In his complaint, Plaintiff alleges that he was terminated on account of his national origin, on account of his age, and in retaliation for filing a Charge of Discrimination with the EEOC (doc. 1). The Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331. The Plaintiff seeks to invoke the Court's supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367.

## II. Factual Background and Procedural History

Plaintiff makes the following allegations in the complaint: Plaintiff was born in the United States on August 1, 1941. On or about May 19, 1990, Defendant Haag-Streit AG hired Plaintiff as President of Reliance. *Id.* Over the next fourteen years, Plaintiff was promoted by Haag-Streit AG to serve as President of Haag-Streit US and as Vice-President and Chief Operating Officer of Haag-Streit USA. *Id.* In September of 1996, Walter Inäbnit, the Chairman of Haag-Streit AG, told Plaintiff that his [Inäbnit's] biggest mistake was hiring an American manager and that Inäbnit would "never hire another American manager." Subsequently, in June 2002, Rene Ott, Chief Operating Officer of Haag-Streit AG, gave a presentation in Bern, Switzerland, at which he advised company managers to make an effort to dismiss older employees whenever possible.

On July 28, 2004, Defendant Haag-Streit AG filed a motion to dismiss for lack of personal jurisdiction (doc. 7). Following a motion hearing with oral argument and testimony on January, 13, 2005, the Court denied the Defendant's motion to dismiss without prejudice and directed the Defendant to submit a motion for summary judgment based on lack of personal jurisdiction and

proposed findings of fact and conclusions of law (doc. 27). Defendant subsequently filed its

motion for summary judgment (doc. 28). In its motion, the Defendant claims that the Court's

exercise of personal jurisdiction fails to satisfy the requirements of Ohio's long-arm statute and

constitutional due process requirements. Defendant correctly points out that before a court can

exercise personal jurisdiction over a foreign defendant, the plaintiff must show that (1) the

requirements of Ohio's long-arm statute are satisfied, and (2) the exercise of jurisdiction would

not deny the defendant due process of law. Defendant contends that the only potentially

applicable provision of Ohio's long-arm statute - Ohio Rev. Code § 2307.382(A)(1) - is the

provision granting Ohio courts personal jurisdiction over an individual when the cause of action

arises from the individual's transacting business in the State. Defendant claims that it does not

transact any business within the State. In support of that contention, Defendant asserts that it is

not authorized or registered to do business in the State of Ohio and has never had in Ohio (1) a

business office, (2) an agent for service of process, (3) a bank account, (4) a mailing address, (5) a

telephone listing, (6) any real property, or (7) any personal property.

Furthermore, Defendant claims that constitutional due process requirements are not

satisfied because Plaintiff relies solely on the acts of Haag-Streit AG's subsidiaries in Ohio as the

basis for the exercise of personal jurisdiction over the Swiss company. Defendant claims that this

is an insufficient basis since the companies are separate corporate entities and not merely "alter

egos" of one another. Defendant argues that in this case, the presence of a corporate subsidiary in

Ohio does not confer jurisdiction over the parent because Haag-Streit AG is an entirely separate

entity from its subsidiaries and it does not control the day-to-day business operations of its

subsidiaries. According to the Defendant, Haag-Streit AG has its own corporate structure,

-3-

Articles of Incorporation, bylaws, Board of Directors, corporate offices, facilities, workforce, business records, bank accounts, financial statements, annual reports, and budget.

Lastly, Defendant claims that although Inäbnit has served as the sole director of Reliance at times during which he worked for the U.S. subsidiaries, others served as additional directors of the subsidiaries at different times. According to Defendant, directors of a parent company may serve as directors of the parent company's subsidiaries, and that fact alone will not expose the parent corporation to liability for its subsidiaries' acts. Defendant also alleges that a parent company may monitor a subsidiary's performance, supervise its financial and capital budget decisions, and articulate general policies and procedures without incurring liability. Defendant states that the United States Supreme Court has recognized that despite common ownership, directors and officers of parent corporations and their subsidiaries may "change hats" to represent the two corporations separately. *See United States v. Bestfoods*, 524 U.S. 51, 69 (1998). Defendant claims that the decision to terminate a high-level executive like Imwalle is an appropriate action by an officer of the parent corporation to protect the parent corporation's investment.

Plaintiff contends that the decision to terminate him was made jointly by Inäbnit and Ott. Plaintiff alleges that although Defendant may claim that Inäbnit was acting in his capacity as sole director of the U.S. subsidiaries, Defendant cannot make the same claim as to Ott since he has never held any positions with those companies. In addition to his claim that Defendant Haag-Streit AG is directly responsible for making the decisions at issue in this case, Plaintiff asserts that Defendants do not observe corporate formalities and do not have genuinely independent Boards of Directors.

Plaintiff also claims that Defendant conducts approximately $15 million worth of business annually in Ohio by manufacturing slit-lamp microscopes in Switzerland and then selling them to Haag-Streit USA in Ohio. In addition, Plaintiff asserts that Defendant transacts business in Ohio by providing capital loans to Ohio-based companies. Lastly, Plaintiff alleges that Defendant built and maintains two business offices in Ohio for its Swiss executives, thus demonstrating its business ties to the forum state.

### III. Standard of review

Because there has not been an evidentiary hearing following the filing of the motion for summary judgment, the plaintiff must make only a prima facie showing of jurisdiction. *See Scotts Company v. Aventis S.A.,* 2005 WL 1869653 *2 (6th Cir.) (unpublished decision) (citing *Dean v. Motel 6 Operating L.P.,* 134 F.3d 1269, 1272 (6th Cir. 1998)). In determining whether the plaintiff has made such a showing, the reviewing court must view the pleadings and other evidence in a light most favorable to the plaintiff without considering the defendant's controverting assertions. *Id.* (citing *Bridgeport Music, Inc. v. Still N the Water Publ'g,* 327 F.3d 472, 478 (6th Cir. 2003)).

### IV. Law of personal jurisdiction

Before this Court can exercise jurisdiction over Haag-Streit AG, Plaintiff must meet his burden of demonstrating that Defendant's conduct satisfies one of the provisions of the Ohio long-arm statute and that the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice under the Due Process Clause of the Fourteenth Amendment. *See Nationwide Mutual Ins. Co. v. Tryg Int'l Ins. Co., Ltd.,* 91 F.3d 790, 793 (6th Cir. 1996).

The pertinent provisions of the Ohio long-arm statute, Ohio Rev. Code § 2307.382, are as

follows:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by agent, as to a cause of action arising from the person's:

> (1) Transacting any business in this state;

> * * *

> (C) When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him.

The Ohio Supreme Court has interpreted "transacting any business" under the long-arm statute to mean "to carry on business" or "to have dealings" and to have a broader meaning than the word "contract." *Douglas v. Modern Aero, Inc.,* 954 F. Supp. 1206, 1210 (N.D. Ohio 1997) (citing *Goldstein v. Christiansen,* 70 Ohio St.3d 232, 236, 638 N.E.2d 541 (1994)); *Kentucky Oaks Mall v. Mitchell's Formal Wear, Inc.,* 53 Ohio St.3d 73, 75, 559 N.E.2d 471, 480 (1990). "Transacting business" subsumes the narrower act of contracting. *Douglas,* 954 F. Supp. at 1210 (citing *Highway Auto Sales v. Auto-Konig of Scottsdale*, 943 F. Supp. 825, 829 (N.D. Ohio 1996)). A defendant must do some act or consummate some transaction within the forum. *Hoover Co. v. Robeson Industries Corp.,* 904 F. Supp. 671, 674 (N.D. Ohio 1995) (citing *Mellott v. Dico Co., Inc.,* 7 Ohio App.3d 52, 53-55, 454 N.E.2d 146, 148-149 (1982)).

In order for due process requirements to be satisfied, Defendant must have established "certain minimum contacts with [Ohio] such that the maintenance of the suit does not offend 'traditional notions of fair play or substantial justice.'" *International Shoe v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945)). Under the Due Process Clause, personal jurisdiction may exist either generally or specifically. *Nationwide,* 91 F.3d at 793. Jurisdiction may exist generally where the defendant has engaged in "continuous and systematic" conduct within the

-6-

forum state which renders the defendant amenable to suit in any lawsuit brought against it in that state. *Id.* (citing *Perkins v. Benguet Consolidated Mining Co.,* 342 U.S. 437, 445-47, 72 S.Ct. 413, 418-19 (1952)). Jurisdiction may exist specifically where the subject matter of the lawsuit arises out of or is related to the defendant's contacts within the forum. *Id.* (citing *Conti v. Pneumatic Products Corp.,* 977 F.2d 978, 981 (6th Cir. 1992)). Specific jurisdiction may, in certain cases, be premised on a single act of the defendant. *Nationwide,* 91 F.3d at 794 (citing *McGee v. Int'l Life Ins. Co.,* 355 U.S. 220, 222, 78 S.Ct. 199, 200-01 (1957)).

In this circuit, a three-part test applies to determine whether the exercise of specific jurisdiction based on a single act comports with due process:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Id.* (quoting *Southern Machine Co. v. Mohasco Indus., Inc.,* 401 F.2d 374, 381 (6th Cir. 1968)). The purposeful availment requirement insures against a defendant being haled into a jurisdiction solely as a result of "'random,' 'fortuitious,' or 'attenuated' contacts." *Burger King v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 2183 (1985) (quoting *Keeton v. Hustler Magazine,* 465 U.S. 770, 774, 104 S.Ct. 1473, 1478 (1984)). The requirement is satisfied if the defendant's actions create a "substantial connection" with the forum state such that the defendant should reasonably anticipate being haled into court there. *Compuserve, Inc. v. Patterson,* 89 F.3d 1257, 1263 (6th Cir. 1996) (citing *Burger King,* 471 U.S. at 474-75, 105 S.Ct. at 2183-84). The Supreme Court

has explained:

> [W]here the defendant 'deliberately' has engaged in significant activities within a State ... or has created 'continuing obligations' between himself and residents of the forum ... he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by 'the benefits and protections' of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well.

*Burger King,* 471 U.S. at 475-76, 105 S.Ct. at 2184. The focus is on the quality of the contacts and not their number. *Reynolds v. Int'l Amateur Athletic Federation,* 23 F.3d 1110, 1119 (6th Cir. 1994).

To satisfy the second criterion, it is only necessary that the cause of action "have a substantial connection with the defendant's in-state activities." *Southern Machine,* 401 F.2d at 384 n. 27. Generally, "[a]n action will be deemed not to have arisen from the defendant's contacts with the forum state only when they are unrelated to the operative facts of the controversy." *Creech v. Roberts,* 908 F.2d 75, 80 (6th Cir. 1990).

In determining whether the third prong is met, factors to consider include "the burden on the defendant, the interest of the forum state, the plaintiff's interest in obtaining relief, and the interest of other states in securing the most efficient resolution of controversies." *American Greetings v. Cohn,* 839 F.2d 1164, 1169-70 (6th Cir. 1988). When the first two criteria are met, an inference arises that the third criterion is satisfied. *Id.* at 1170 (citing *First National Bank of Louisville v. J.W. Brewer Tire Co.,* 680 F.2d 1123, 1126 (6th Cir. 1982).

The fact that a commercial actor has no physical presence in the state does not defeat personal jurisdiction. *Burger King,* 471 U.S. at 476, 105 S.Ct. 2184. An individual may be said to have purposefully availed himself of the privilege of acting in a state if his efforts are "purposefully directed" toward residents of that state. *Id.*

The constitutional touchstone for all questions of personal jurisdiction is "whether the defendant purposefully established 'minimum contacts' in the forum State." *Id.* at 474, 105 S.Ct. 2183 (quoting *Int'l Shoe,* 326 U.S. at 316, 66 S.Ct. at 158. Due process requirements are satisfied if a nonresident defendant has had "certain minimum contacts with the forum state such that maintenance of the suit does not "offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe,* 326 U.S. at 316, 66 S.Ct. at 158.

## V. Opinion

After careful review of the record, and for the reasons set forth below, the Court finds that Plaintiff has presented facts to permit this Court to conclude that Plaintiff has made a prima facie showing of personal jurisdiction over Haag-Streit AG.

The first issue before the Court is whether any pertinent provision of the Ohio long-arm statute is satisfied. In his affidavit, Plaintiff maintains that the decision to discharge him was made by Inäbnit, Chairman of the Haag-Streit AG Board, and communicated by Ott, Chief Operating Officer of Haag-Streit AG, who purportedly initially offered plaintiff a forced letter of resignation and told him that Haag-Streit AG would take further action if plaintiff did not resign. (Doc. 11, Exh. A, Imwalle Aff. ¶ 3). Plaintiff also states in his affidavit that several other employees of Haag-Streit USA were fired by Defendant Haag-Streit AG. *Id.* at ¶ 4. According to Plaintiff, Defendant Reliance's Rules for Managers were promulgated by Haag-Streit AG. *Id.* at ¶ 6. Furthermore, Plaintiff contends that Haag-Streit AG "retained control over hiring and firing decisions, decisions regarding compensation, and production and marketing." *Id.*

Defendant responds that Inäbnit and Ott's act of terminating Plaintiff occurred while they were acting on behalf of the U.S. subsidiaries and therefore Haag-Streit AG was not involved in

the termination decision.  In addition, Defendant claims that Haag-Streit AG is not the "alter ego" of its U.S. subsidiaries because it is an entirely separate entity that does not control the day-to-day business operations of its subsidiaries.  Lastly, Defendant asserts that it does not have any business offices in Ohio.  According to Defendant, the two business offices referred to by Plaintiff are temporary offices used sporadically by Haag-Streit AG officials as places to "park their ataché," and Plaintiff has not demonstrated that any business was conducted on behalf of Haag-Streit AG out of these offices.

The evidence submitted by the parties shows that while the question of whether Defendant transacted business in Ohio is in dispute, there is evidence that Haag-Streit AG was involved in the decision to terminate Plaintiff's employment, that certain individuals were acting on behalf of Haag-Streit AG in Ohio, that Haag-Streit AG transacts some $15 million worth of business in Ohio annually, and that it does have offices in Ohio.  Accordingly, jurisdiction over Haag-Streit AG  is not lacking on the ground that it did not transact business in Ohio.

Plaintiff claims that due process requirements for the exercise of specific jurisdiction over Defendant are satisfied in this case.  Plaintiff has presented evidence that Haag-Streit AG maintained continuous and systematic contacts with the State of Ohio by regulating the hiring and firing decisions of its subsidiaries, controlling production and distribution of products, and requiring Plaintiff and other managers to obtain written authorization from Haag-Streit AG regarding day-to-day operational decisions; for the last several years of his employment, Plaintiff reported directly to Haag-Streit AG, Inabnit, and Ott, who were responsible for any discipline or alleged performance issues with plaintiff; that Defendant conducts approximately $15 million worth of business annually in Ohio, it has provided capital loans to Ohio-based

companies, and it built and maintained two business offices for its Swiss executives in Ohio, thus demonstrating its business ties to the forum state.  Plaintiff contends that in light of its ties to Ohio, Haag-Streit AG could reasonably have anticipated being haled into court in the State, and the Court should find that the Due Process Clause would not be violated if the Defendant were required to defend this action in Ohio.

After reviewing the parties' filings, the Court finds that requiring Haag-Streit AG to defend this action in Ohio would not offend traditional notions of fair play and substantial justice.  Plaintiff has made a prima facie showing that Haag-Streit AG has sufficient contacts with Ohio such that exercising personal jurisdiction over Defendant would not violate due process.

Because the Court's jurisdictional ruling is made at the initial stages of the lawsuit based on the record and the instructions of the Sixth Circuit in *Scotts Company* and the cases cited therein, Defendant may proceed to trial without waiving lack of personal jurisdiction as a defense.  *See Serras v. First Tennessee Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989). Plaintiff is under a continuing obligation to "carry throughout the litigation the burden of showing that he is properly in court."  *Id.* at 1215 (citing *McNutt v. GM Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 785 (1936)).

**VI.  Conclusion**

Defendant's motion for summary judgment (doc. 28) is **DENIED**.  This case will

proceed to trial in accordance with the schedule established by the Court.

**IT IS SO ORDERED**.


S/ Herman J. Weber
HERMAN J. WEBER
SENIOR JUDGE, UNITED STATES DISTRICT COURT


J:\HJWA\04-275pjursjPUB.wpd

-12-