UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DENNIS IMWALLE,

        Plaintiff,

v.                              Case No. C-1-04-275

RELIANCE MEDICAL
PRODUCTS, INC., et al.,

        Defendants.

## **ORDER**

This matter is before the Court upon defendants' renewed motion for judgment as a matter of law (doc. 116), which plaintiff opposes (doc. 120).

This case was tried to a jury over the course of five days. After plaintiff had rested his case and again at the close of all the evidence, defendants moved the Court for judgment as a matter of law on plaintiff's retaliation claim. The Court allowed the retaliation claim and plaintiff's other claims to go to the jury. The jury rendered its verdict on May 10, 2006 (doc. 107). The jury determined that plaintiff had failed to prove by a preponderance of the legal evidence that either age or national origin was a motivating factor in defendants' decision to terminate plaintiff's employment. The jury further determined that plaintiff had proved by a preponderance of the legal evidence that his complaint of age and national origin discrimination was a motivating factor in the termination decision. The Court issued a judgment in favor of plaintiff on his retaliation claim and awarded him damages in the amount of $185,000 (doc.

1

114).

Defendants filed their renewed motion for judgment as a matter of law on May 24, 2006. Defendants claim that no reasonable juror could conclude that plaintiff's complaint of alleged discrimination was a motivating factor in Haag-Streit management's decision to terminate his employment because the evidence shows that the termination decision was made prior to plaintiff's complaint. Defendants contend that they are therefore entitled to judgment in their favor on the retaliation claim.

In response, plaintiff points out that he was not terminated as President of Reliance Medical Products, Inc. until after he had engaged in protected activity. Plaintiff argues that a reasonable jury could conclude that the ultimate decision to terminate his employment with Reliance was not made until after he had complained about alleged discrimination. For the reasons stated below, this Court agrees.

Fed. R. Civ. P. 50(a)(1) provides as follows:

> If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

The court may not grant a motion for judgment as a matter of law "unless reasonable minds could not differ as to the conclusions to be drawn from the evidence." **Paschal v. Flagstar Bank,** 295 F.3d 565, 582 (6th Cir. 2002)(citing **McJunkin Corp. v. Mechanicals, Inc.,** 888 F.2d 481, 486 (6th Cir. 1989)). The court may not "weigh the evidence, pass on the credibility of witnesses, or substitute its judgment for that of the jury." *Id.* (citing **Toth v. Yoder Co.,** 749 F.2d 1190, 1194 (6th Cir. 1984)). The court must instead view the evidence in the light most favorable to the

successful party, drawing from the evidence all reasonable inferences in that party's favor. *Id.*

The Court has considered the evidence cited by the parties in support of their respective positions, as well as the remaining evidence presented at trial. Viewing the evidence as a whole, the Court finds that reasonable minds could differ as to whether the ultimate decision to terminate plaintiff's employment was made before or after plaintiff had engaged in protected activity. The evidence shows that although Rene Ott told plaintiff on May 7, 2003, that the company was going in a new direction and wished to replace plaintiff, Haag-Streit AG did not terminate plaintiff's employment or remove him as President of Reliance and Haag-Streit US at that time. Rather, plaintiff presented evidence at trial that it was not until after he had complained to Ott on May 22, 2003, through his attorney that the company was committing unlawful age discrimination that defendants took adverse job action against plaintiff, including effectively removing most of his authority by excluding him from meetings and making decisions without his input or knowledge. Plaintiff also presented evidence that after he had filed a charge with the Equal Employment Opportunity Commission on October 31, 2003, Ott met with plaintiff on January 27, 2004, and presented him with a letter stating that plaintiff had been removed as President of Reliance and Haag-Streit US effective that day and giving notice of Reliance's intent to not renew plaintiff's employment agreement past its expiration date of June 18, 2004. Plaintiff testified that although the letter claimed he had not been terminated from Reliance, Ott took plaintiff's keys and company credit card and escorted him out of the building. In light of this evidence, the Court is unable to say that "there is no legally sufficient evidentiary basis" for a finding in plaintiff's favor on the retaliation claim. Accordingly, defendants are not entitled to judgment as a matter of law on plaintiff's retaliation claim.

Defendants' renewed motion for judgment as a matter of law (doc. 116) is **DENIED**.

This matter is **TERMINATED** on the docket of the Court.

**IT IS SO ORDERED.**

S/ Herman J. Weber  
Herman J. Weber, Senior Judge  
United States District Court