UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DENNIS IMWALLE,

        Plaintiff,

   v.                                        Case No. C-1-04-275

RELIANCE MEDICAL
PRODUCTS, INC., et al.,

        Defendants.

## ORDER

This matter is before the Court upon plaintiff's application for attorney fees and costs (doc. 115) and revised application for attorney fees and costs (doc. 128). Defendants have filed a response in opposition (doc. 119). A hearing on the request for fees and costs was held on October 19, 2006.

### I. Introduction

Plaintiff Dennis Imwalle brought federal and state law claims alleging he was terminated from his employment with defendants on account of his national origin, on account of his age, and in retaliation for filing a discrimination charge with the EEOC. Plaintiff also brought claims for breach of an employment agreement and violation of Ohio public policy. The Court granted summary judgment in favor of defendants on the latter two claims and denied summary judgment on the remaining claims. The case proceeded to trial on those claims. At the conclusion of five days of trial testimony, the jury returned a verdict in favor of plaintiff on his claim of retaliation for opposing unlawful employment discrimination by defendants. The jury

awarded plaintiff compensatory damages in the amount of $185,000.00.

Plaintiff filed his application for attorney fees and costs after the trial had concluded. Plaintiff originally sought an award of $249,727.00 for attorney fees and $12,796.93 in costs for a total of $262,523.93.  Defendants objected to the requested hourly rates for several of the attorneys as lacking any evidentiary support and/or excessive.  Defendants also raised objections to fees and expenses incurred by paralegal Kathi Huber in accompanying Attorney Randy Freking to Switzerland for two depositions; hours claimed for time legal assistants spent preparing a pleading board and discovery notebook; pre-litigation hours that plaintiff's prior counsel, Robert Klingler, claimed that were unrelated to plaintiff's EEOC proceedings; nominal hours billed by Attorneys Megan Clark, Kelly Mulloy Myers, Leanne Montgomery, and Elizabeth Loring; and fees and expenses related to a Jury Focus Group.  Defendants further argued that the lodestar amount should be reduced by 10% for insufficient billing descriptions and that it should be further reduced by 50% to account for plaintiff's limited success.

In the revised application, plaintiff seeks an additional award of $5,286.31 for attorney fees, $2,273.70 in costs, and $3,937.61 for post-judgment interest.  Plaintiff agrees to a reduction in the hourly rate sought for Mr. Freking, a deduction of $227.50 billed for legal assistant work, and $2,000.00 in expenses related to use of the Jury Focus Group.  Plaintiff submits that all other fees and costs submitted in the initial application are proper, leaving a total of $252,598.34 in fees and costs.

Plaintiff seeks the Court's approval of the following rates for counsel, as adjusted at the hearing:

| | |
|---|---|
| Randolph H. Freking | $356.65 |
| Sheila M. Smith | $275.00 |
| George M. Reul, Jr. | $250.00 |
| Kelly Mulloy Myers | $250.00 |
| Megan E. Clark | $225.00 |
| Anne Koize Wittenauer | $135.00 |
| Ron Seibel | $175.00 |
| Leanne R. Montgomery | $175.00 |
| Elizabeth S. Loring | $150.00 |
| Heather M. Schisler | $150.00 |
| Marcie Warrington | $150.00 |

## II. Applicable law

Title 42 U.S.C. § 2000e-5(k) provides that in any action under that subchapter, the court, in its discretion, may allow the prevailing party a reasonable attorney fee as part of the costs. The Sixth Circuit has acknowledged that the standard for awarding attorney fees under § 2000e-5(k) is essentially the same as that which governs a fee award under 42 U.S.C. § 1988, so that the same case law applies to fee requests under either statute. See ***Virostek v. Liberty Township Police Department/Trustees,*** 14 Fed.Appx. 493, 510 (6th Cir. 2001) (not published in Federal Reporter) (citing ***Hensley v. Eckerhart,*** 461 U.S. 424, 433 n.7 (1983); ***Smyth v. Smythe-Cramer Co.,*** 754 F.2d 180, 183 (6th Cir. 1985)).

A useful starting point for determining the amount of a reasonable fee is the lodestar, calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate. ***Hensley***, 461 U.S. at 433. Where the party seeking the fee has established that the number of hours and the rate claimed are reasonable, the lodestar is presumed to be the reasonable fee to which counsel is entitled. ***Pa. v. Delaware Valley Citizens Council for Clean***

3

*Air*, 478 U.S. 546, 564 (1986) (citing ***Blum v. Stenson,*** 465 U.S. 886, 897 (1984)).

Where the plaintiff has obtained "excellent results," her attorney should ordinarily recover a fully compensatory fee. ***Hensley***, 461 U.S. at 435. In such a case, the fee award should not be reduced solely because the plaintiff did not succeed on each of her claims. ***Id***. On the other hand, if a claimant has achieved only partial success, the number of hours reasonably expended on the litigation as a whole multiplied by the hourly rate may yield an excessive amount. ***Id***. at 436. This may be true even if the claims raised were interrelated. ***Id***. Under these circumstances, the most critical factor is the degree of success obtained. ***Id***.

Where the plaintiff has succeeded on only some of her claims for relief, the court must address two issues. First, the court must determine whether the claims on which the plaintiff failed to prevail were unrelated to the claims on which she succeeded. Second, the court must ascertain whether the plaintiff achieved a degree of success that renders the hours reasonably expended a satisfactory basis for making a fee award. ***Hensley***, 461 U.S. at 434.

Where the plaintiff has presented distinctly different claims for relief based on different facts and legal theories, work on an unsuccessful claim cannot be considered to have been "expended in pursuit of the ultimate result achieved." ***Id.*** at 435 (quoting ***Davis v. County of Los Angeles***, 8 E.P.D. ¶9444, at 5049 (C.D. Cal. 1974)). Therefore, no fee may be awarded for services performed on the unsuccessful claim. ***Id***. Conversely, where the plaintiff's claims for relief involve common facts or related legal theories, so that much of counsel's time will have been devoted generally to the litigation as a whole, the court "should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." ***Id***.

Counsel for the prevailing party must make a good faith effort to exclude from a fee application hours that are "excessive, redundant, or otherwise unnecessary," just as an attorney in private practice is expected to use "billing judgment" before submitting a bill to his client. *Hensley*, 461 U.S. at 434. Detailed documentation is required to support the hours claimed to have been spent on the litigation. ***United Slate, Tile and Composition v. G & M Roofing and Sheet Metal Co.***, 732 F.2d 495, 502 (6th Cir. 1984). The documentation offered must be of "sufficient detail and probative value to enable the Court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *Id.* at 502 n.2.

Where the court determines that the fee requested should be reduced, it may attempt to identify specific hours to be eliminated or reduce the overall award to take into account the limited degree of success. *Hensley,* 461 U.S. at 436-37. The court should not reduce the fee award based on a simple ratio of successful claims to claims raised. See ***Thurman v. Yellow Freight Systems, Inc***., 90 F.3d 1160, 1169 (6th Cir. 1996), **amended by**, 97 F.3d 833 (6th Cir. 1996) (citing ***Phelan v. Bell***, 8 F.3d 369, 374 (6th Cir. 1993)).

A district court has broad discretion to determine what constitutes a reasonable hourly rate for an attorney. ***Fuhr v. School Dist. of City of Hazel Park,*** 364 F.3d 753, 762 (6th Cir. 2004) (citations omitted). The court determines whether a requested hourly rate is reasonable by reference to the prevailing market rate, i.e., the rate that is customarily paid in the community to attorneys of reasonably comparable skill, experience, and reputation. *Id.* (citing ***Blum,*** 465 U.S. at 896 n. 11). The hourly rate to be used is not that of a "renowned" lawyer but that required to attract competent counsel without producing windfalls to counsel. ***Hadix v. Johnson***, 65 F.3d

5

532, 535 (6th Cir. 1995); *Coulter v. Tennessee*, 805 F.2d 146, 149 (6th Cir. 1986). A renowned lawyer who normally commands a higher hourly rate than competent and experienced lawyers in the region should ordinarily be compensated at the lower, regional market rate. *Coulter*, 805 F.2d at 149.

The district court has the discretion to choose to tax costs of litigation against a losing party, although costs are generally awarded to a prevailing party as a matter of course. *Virostek,* 14 Fed.Appx. at 510.

### III. Opinion

Plaintiff prevailed on his retaliation claim and received a substantial damages award, so an award of attorney fees and costs is appropriate. The starting point for determining the amount of the award is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. The Court determines the appropriate award as follows.

### A. Number of hours

Defendants' objection to Attorney Robert Klingler's requested fee for time spent attempting to negotiate a settlement of plaintiff's claims prior to the institution of this litigation is well-taken. Attorney Klingler was not successful in securing a settlement of plaintiff's claims, and he has not presented any arguments to support an award of fees for his settlement efforts. Accordingly, the Court will deduct 28.8 hours from the fee award as not reasonably expended in pursuit of this litigation.

There is no indication in the time records that any of the hours expended by plaintiff's counsel in the pursuit of this litigation were duplicative, excessive, or otherwise unnecessary, with the exception of the de minimis number of hours Attorneys Clark, Myers, Montgomery, and

Loring spent conferring on the case.  The Court will deduct the .20 hours billed by Ms. Clark, the .40 hours billed by Ms. Myers, the 1.3 hours billed by Ms. Montgomery, and the 1.10 hours billed by Ms. Loring as time not reasonably expended on the case since these attorneys were not sufficiently involved in the case to warrant their fees.  The Court will not deduct 33 hours for Kathi Huber's travel to Switzerland for the depositions of Mr. Inabnit and Mr. Ott as urged by defendants since the Court believes it was reasonable for a paralegal to assist with the depositions.  The Court will deduct the $227.50 billed for legal assistant work as agreed to by plaintiff.  The Court will not deduct the hours Attorney Reul spent working with the Jury Focus Group as requested by defendants since his time was reasonably expended in preparation of the case.

      The Court finds that plaintiff's counsel has submitted documentation of sufficient detail and probative value to enable the Court to determine with a high degree of certainty that the remaining hours were actually and reasonably expended in the prosecution of the action.  The Court finds that a 10% reduction due to vague and insufficient billing entries is not warranted.

      Defendants contend that there should be a reduction in the fee award to account for plaintiff's failure to succeed on all his claims.  The Court finds that the claims on which plaintiff did not prevail and the retaliation claim on which he succeeded were closely intertwined and required similar proof.  Specifically, in order to succeed on his retaliation claim, plaintiff was required to demonstrate defendants took an adverse employment action and plaintiff held a good faith belief that the conduct he opposed constituted unlawful discrimination, which would require proof of the alleged discrimination.  In addition to the fact that the claims plaintiff brought were closely intertwined, plaintiff achieved a high degree of success as evidenced by the

substantial damages award he received. Thus, a reduction in the fee award based on plaintiff's failure to prevail on all his claims is not warranted.

### B. Hourly rates

Plaintiff agrees that the hourly rates established in the recent case of ***Thelen v. Siemens Energy, Inc.***, Case No. C-1-02-819, are appropriate for ***Thelen*** counsel who performed work in this case. The Court will use the hourly rates set in ***Thelen*** for those attorneys who participated in both cases. The Court finds that the rates of the remaining attorneys in the firm of Freking & Betz are reasonable. The Court further determines that the rate of $275.00 for Attorney Klingler, who represented plaintiff in connection with the EEOC proceedings and who has appeared before the Court a number of times, is reasonable based on the Court's knowledge of his quality of representation and level of experience.

### C. Costs

The Court finds the requested costs to be reasonable, with the exception of $2,000.00 for the Jury Focus Group.

## IV. Conclusion

The requested costs are modified as follows:

| | | |
|---|---|---|
| Request: | $15,070.63 | ($12,796.93 plus $2,273.70) |
| Less: | $ 2,000.00 | Jury Focus Group) |

Total:       $13,070.63.

The requested fee is modified as follows:

| | | |
|---|---|---|
| EEOC: | $   4,565.00 | (16.6 hours of work by Mr. Klingler x $275.00) |
| Litigation: | $102,608.00 | (287.7 hours of work by Mr. Freking x $356.65) |
| | $   1,980.00 | (7.2 hours of work by Ms. Smith x $275.00) |
| | $ 88,100.00 | (352.4 hours of work by Mr. Reul x $250.00) |
| | $       324.00 | (2.4 hours of work by Ms. Wittenauer x $135.00) |
| | $   9,852.50 | (56.3 hours of work by Mr. Seibel x $175.00) |
| | $       735.00 | (4.9 hours of work by Ms. Schisler x $150.00) |
| | $   4,950.00 | (33 hours of work by Ms. Warrington x $150.00) |
| | $   4,408.00 | (46.4 hours of work by Ms. Huber x $95.00) |
| | $  15,664.00 | (Remaining personnel hours) |

Total:       $233,186.50

Plaintiff's application for attorney fees and costs is **GRANTED** as modified herein. Plaintiff is awarded attorney fees in the amount of $233,186.50 and costs in the amount of $13,070.63 for a total of $246,257.13. Plaintiff is awarded post-judgment interest in the amount of $3,937.61.

**IT IS SO ORDERED.**

                                          S/ Herman J. Weber
                                          HERMAN J. WEBER, SENIOR JUDGE
                                           UNITED STATES DISTRICT COURT